**EXHIBIT A**

| | |
|---|---|
| **11th Judicial District Court, Fremont County, Colorado District Court**<br>Court Address:	Fremont Combined Court<br>		136 Justice Center Road<br>		Cañon City, CO  81212 | DATE FILED: July 30, 2019 5:36 PM<br>FILING ID: 89544FC2A5504<br>CASE NUMBER: 2019CV30097 |
| **Plaintiff:**	Yale Condominiums Homeowner's Association, Inc.<br><br>v.<br><br>**Defendant:**	American Family Mutual Insurance Company, S.I. | ▲   COURT USE ONLY   ▲ |
| **Attorney for Plaintiff:**<br>Attorney:	J. Richard Kunckel, #45454<br>Address:	The Law Office of J. Richard Kunckel<br>		1525 Josephine Street<br>		Denver, CO 80206<br>Phone Num.:	(303) 355-8706<br>FAX Num.:	(303) 355-8707<br>E-Mail:		rkunckel@icloud.com | Case Number:<br><br>Courtroom Number: |

**COMPLAINT AND JURY DEMAND**

Plaintiff, through counsel, states and alleges as follows in support of its claims against the above-named Defendant:

**THE PARTIES**

1.	Plaintiff, Yale Condominiums Homeowner's Association, Inc. ("Yale") is a Colorado nonprofit corporation with its principal place of business in Fremont County, Colorado. Yale is a homeowners association for several condominium units in Cañon City, Colorado.

2.	Upon information and belief, Defendant American Family Mutual Insurance Company, S.I. ("American Family") is a Wisconsin corporation doing business in the State of Colorado.

1

**EXHIBIT A**

3. At all times relevant to this lawsuit, American Family issued insurance policies to individuals and entities in the State of Colorado and purposely availed itself of Colorado laws.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the parties and venue is proper in this County, per C.R.C.P. 98(c)(1).

**FACTUAL BACKGROUND**

5. At all times relevant to this lawsuit, American Family provided insurance coverage to Yale through an insurance policy with the policy number "05XB6790-01."

6. According to Yale's policy, American Family had the ability to inspect Yale's buildings to determine Yale's insurability and set an appropriate premium.

7. At no point prior to July of 2018 did American Family suggest or state to Yale that there was damage due to faulty workmanship on Yale's buildings.

8. At no point prior to July of 2018 did American Family suggest or state to Yale that there was wear and tear damage on any of Yale's buildings.

9. On or about July 23, 2018, several of the condominium buildings that Yale is responsible for were hit with hail and heavy wind.

10. At no point prior to the July of 2018 storm did American Family offer Yale discounted premiums based on faulty workmanship or wear and tear of any materials on the buildings that Yale reported as damaged.

11. At no point prior to the July of 2018 storm did American Family schedule a reduction in coverage for Yale's properties based on faulty workmanship or wear and tear.

**EXHIBIT A**

12. In August of 2018, Yale filed a claim with American Family for damage it incurred during this July of 2018 storm.

13. American Family waited until October of 2018 to conduct its first inspection of Yale's reported loss.

14. The first inspector performed a cursory inspection of Yale's buildings.

15. For example, the first inspector ran across the roofs instead of taking his time to determine whether there was damage to Yale's buildings.

16. This inspector also disparaged Yale, accusing Yale of "cheating" to get a "free roof."

17. This inspector further claimed that he was "Jesus" of Yale's claim and American Family would not allow any further reinspection of Yale's buildings.

18. American Family's first inspector knew that, per Yale's insurance policy, that Yale was entitled to appeal any decision of one of American Family's adjusters or request a reinspection.

19. American Family's first inspector, however, factually misrepresented Yale's policy to Yale for the purpose of discouraging Yale from pursuing an appeal of his conclusion.

20. Upon information and belief, American Family knew that its inspector was making cursory denials of claims, due to the large volume of buildings that he was inspecting during a short time period.

21. Upon information and belief, American Family relied on this first inspector because he tended to perform an inadequate investigation resulting in coverage denials or underpayments.

22. Because of American Family's inadequate investigation, Yale requested a second inspection.

23. That second inspection took place in November of 2018 and was conducted by Rivet Engineering.

24. Upon information and belief, the American Family's second inspector had no experience professionally replacing roofs himself or working for a roofing company.

25. During that second inspection, American Family's second inspector admitted that his main experience with roofing was through a few seminars.

26. American Family's second inspector was focused on reasons to deny or minimize coverage instead of thoroughly investigating Yale's claim to search for possible coverage.

27. Yale had its own contractors present during this second inspection, and American Family's second inspector either ignored or dismissed Yale's contractor's attempts to show him the damage that had occurred during the July of 2018 storm.

28. Upon information and belief, American Family hired this second inspector for the sole purpose of backing up its earlier failure to fully cover Yale's loss.

29. American Family has refused to fully compensate Yale for its losses from the July of 2018 storm.

## COUNT 1:
## Breach of Contract

30. American Family and Yale entered into a contract of insurance.

31. Per the terms of the contract, Yale timely reported a covered loss to American Family.

32. American Family breached its contractual duties by failing to timely investigate Yale's Claim.

33. American Family also breached its contractual duties by failing to fully compensate Yale for covered losses.

34. American Family further breached its implied duties under the contract, including, but not limited to, the duty of good faith and fair dealing.

35. Yale was damaged by American Family breaching their contract.

<u>**COUNT 2:**</u>
**Fraudulent Misrepresentation and Deceit**

36. American Family, through its agent, told Yale that American Family would not allow any reinspection of Yale's properties.

37. Per the insurance policy in force at the time, however, Yale was entitled to request a reinspection of its properties.

38. American Family knew or should have known that its or its agent's factual statements were false.

39. American Family either withheld material facts from Yale regarding the physical condition of Yale's properties or misrepresented the underlying cause of damage to Yale's properties for the sole purpose of either collecting premiums that American Family had no intention of providing coverage for or to minimize payments to insured property that had been damaged by a covered loss.

40. Yale relied on American Family's misrepresentations to its detriment, including, but not limited to, paying years of premiums for insurance that American Family never intended to provide or for additional delay before obtaining a second inspection.

41. Yale was damaged by American Family's fraudulent misrepresentations or deceits.

42. American Family's conduct was willful or wanton, warranting punitive damages.

## COUNT 3:
### Insurance Bad Faith

43. American Family owes its policyholders, including Yale, the duty of good faith and fair dealing.

44. As a result, American Family owed Yale the duty to give Yale's interests equal, if not greater, consideration than its own.

45. American Family also owed Yale the duty to timely investigate Yale's claims.

46. American Family further owed Yale the duty to perform a reasonable inspection of Yale's claims.

47. American Family breached its duty of good faith and fair dealing in the following ways:

   a. American Family failed to give equal consideration to Yale's interests;

   b. American Family failed to timely investigate Yale's claims;

   c. American Family failed to conduct a reasonable investigation of Yale's claims;

   d. American Family primarily sought evidence that would defeat Yale's claims;

   e. American Family unreasonably delayed or withheld Yale's benefits;

   f. American Family failed to attempt in good faith to effectuate prompt, fair, and equitable settlement of claims after American Family's liability became reasonably clear;

   g. American Family failed to pay undisputed losses to gain leverage over disputed claims;

   h. American Family compelled Yale to initiate litigation to recover amounts due under its policy; or,

   i. Any further acts which may be discovered.

48.  American Family knew that its, or its agents', conduct was unreasonable or recklessly disregarding the fact that its, or its agents', conduct was unreasonable.

49.  Yale was damaged by American Family's breach of its duty of good faith and fair dealing.

50.  American Family's conduct was in violation of C.R.S. 1-3-115.

51.  American Family's conduct was willful or wanton, warranting punitive damages.

### PRAYER FOR RELIEF

Yale, therefore, requests a judgment against American Family for the following relief:

1.  Double Yale's covered benefit, per C.R.S. 10-3-1116;

2.  Yale's attorneys' fees, per C.R.S. 10-3-1116;

3.  Yale's other compensatory damages;

4.  Punitive damages;

5.  Any other such relief that the Court determines necessary and proper.

### PLAINTIFF DEMANDS A JURY TRIAL

Dated this 30th day of July, 2019.

Respectfully Submitted,

*/s/ J. Richard Kunckel*
J. Richard Kunckel
1525 Josephine St.
Denver, CO  80206
(303) 355-8706
Colorado Bar #45454
Consistent with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request