IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–02477–KMT

YALE CONDOMINIUMS HOMEOWNER'S ASSOCIATION, INC.,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

    Defendant.

## ORDER

This matter is before the court on "Defendant's Motion for Partial Dismissal Pursuant to F.R.C.P. 12(b)(6)" [Doc. No. 20] filed October 11, 2019. "Plaintiff's Response to Defendant's Motion for Partial Dismissal [Doc. 20]" was filed on November 1, 2019 [Doc. No. 31], and Defendant's Reply was filed on November 15, 2019 [Doc. No. 34].

Defendant challenges Plaintiff's second claim for relief "Fraudulent Misrepresentation and Deceit" (*see* Am. Compl. [Doc. No. 4] at 5). Plaintiff contends that American Family withheld facts it knew about the condition of Plaintiff's property that would cause certain parts of the property to be uninsured or uninsurable under the policy it was purchasing.[1] Plaintiff

---

[1] Plaintiff has agreed to withdraw any claims within its Second Claim for Relief that rely upon Plaintiff's assertions that Defendant fraudulently misrepresented the cause of damage to the property and that Defendant's inspector fraudulently misrepresented that Plaintiff could not request and receive a re-inspection of the property. (Resp. at 11, Section II; Reply at 1.)

claims that even though Defendant knew about "faulty workmanship" on Yale's buildings (Am. Compl. ¶ 7) and knew that the Yale buildings exhibited "wear and tear damage" (Am. Compl. ¶ 8), both conditions which would and did affect the damages Plaintiff was able to recover subsequent to the hailstorm, it did not offer discounted premiums or otherwise acknowledge that Plaintiff was not getting the full coverage for which it believed it was paying for.[2]

## *BACKGROUND*

American Family provided insurance coverage to Yale through an insurance policy with the policy number "05XB6790-01."[3] (Am. Compl. at ¶ 5.) The Amended Complaint alleges that American Family had the right to inspect Yale's buildings; however, the Complaint does not state that American Family actually undertook such an inspection as part of its decision to issue the policy. (Am. Compl. at ¶ 6.) Plaintiff claims wind and hail during a storm on July 23, 2018 damaged Yale's property.[4] (*Id*. at ¶ 9.) Before July 2018, American Family never told Plaintiff

---

[2] Plaintiff may be seeking amendment of its complaint. (See Resp. at 12, Section III.) Local Rule 7.1(d), however, prohibits including a motion in a response to another motion. D.C.COLO.LCivR 7.1(d). Moreover, Plaintiff has failed to comply with Local Rule 15.1. *See* D.C.COLO.LCivR 15.1. Accordingly, the court does not consider this request.

[3] A district court may consider documents attached to a complaint, or referred to and/or relied upon in a complaint if not attached, when evaluating a motion to dismiss under Rule 12(b)(6). *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008) (exhibits attached to complaint, all materials referenced in complaint, and materials subject to judicial notice, including materials in state court file prior to removal, are properly considered when evaluating a motion to dismiss under Rule 12(b)(6)). The insurance policy is attached to the Motion as Exhibit A [Doc. No. 20-1] and may be considered in resolving this motion without converting the motion into one for summary judgment.

[4] The court will not consider the Affidavits and other reports attached to Plaintiff's Response as part of its decision on the motion to dismiss. In considering a motion to dismiss pursuant to Rule 12(b)(6), it is improper for the court to consider materials from outside of the pleadings. To consider such evidence, the court must convert the motion to dismiss into a motion for summary judgment. *See Christensen v. Big Horn County Bd. of County Comm'rs*, 374 F. App'x 821, 826

that specific conditions on all or part of the insured properties as observed by the Defendant prior to July 2018, would invalidate coverage on those areas exhibiting the conditions, nor did Defendant offer a premium reduction because of known reduced coverage. (*Id*. at ¶¶ 7-8, 10.)

After Plaintiff's made a claim against the insurance policy, Defendant sent an initial inspector to view the buildings. (*Id.* at ¶ 13.) Believing the first inspection to have been "cursory" (*id*. at ¶ 20), Plaintiff requested and received a second inspection by a different inspector a few weeks later (*id*. at ¶ 23). Plaintiff states that, ultimately, neither inspector authorized full compensation for what Yale believed to have been its losses caused by the claimed wind and hail event. (*Id*. at ¶ 29.)

Plaintiff alleges that "American Family had no intention of providing coverage for or to minimize payments to insured property that had been damaged by a covered loss." (*Id.* at ¶ 39.) Further, Plaintiff claims that "Yale relied on American Family's [omissions] to its detriment, including, but not limited to, paying years of premiums for insurance that American Family never intended to provide." (*Id.* at ¶ 40.) Without further elaboration, Plaintiff states, "Yale was damaged by American Family's fraudulent misrepresentations or deceits." (*Id*. at ¶ 41.)

---

(10th Cir. 2010) (stating "the conversion process and notice requirement are not triggered by the mere presence of outside materials, but by the court's reliance on such materials—which are inapposite to a proper Rule 12(b)(6) disposition."); *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998) (stating that, even when a district court erroneously considered extraneous materials on an unconverted motion to dismiss, the Tenth Circuit must still affirm "if the dismissal can be justified under Fed.R.Civ.P. 12(b)(6) standards without consideration of the matters outside the pleadings."). The court declines to convert the Defendant's motion to dismiss into a motion for summary judgment.

*LEGAL STANDARD*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679-81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### *ANALYSIS*

The elements for fraudulent misrepresentation are "a knowing misrepresentation of material fact, reliance on the material misrepresentation, the right or justification in relying on the misrepresentation, and reliance resulting in damages." *Clark v. Green Tree Servicing LLC,* 69 F. Supp. 3d 1203, 1223 (D. Colo. 2014) (citing *Williams v. Boyle,* 72 P.3d 392, 399 (Colo. App. 2003)).

Defendant argues that Plaintiff has failed to satisfy Fed. R. Civ. P. 12(b)(6) with respect to a claim of fraudulent concealment. (Mot. at 4.) Plaintiff, however, did not claim injury from Defendant's alleged fraudulent concealment. Instead, Plaintiff claims it was injured by Defendant's "fraudulent misrepresentation and deceit." (Am. Compl. at 5.) The court reads this charge as a claim that Defendant fraudulently misrepresented that Plaintiff's buildings were fully covered with respect to covered losses up to the policy limits purchased and subject to stated deductibles and other generalized exemptions by its purchased and continued payment of premiums for the insurance policy, when Defendant knew, prior to the wind and hail storm at

issue, that construction defects and general wear and tear present on Plaintiff's properties would render at least part of the coverage purely illusory.  In other words, the allegation is that Defendant knew that the faulty workmanship and the wear and tear damage already existing on the three covered properties at the time the insurance policy was purchased would be grounds under the policy exceptions to negate coverage for wind and hail damage should it actually ever occur, but they did not alert the policy holder that Defendant had already made this determination even in the absence of a claim.

> Plaintiff characterizes its claim as follows:
>
> Yale's Complaint sets forth a "bait-and-switch" theory of fraud. Defendant sold Yale a policy that covered roof damage; Defendant charged Yale the agreed-upon premiums; and then after-the-fact, the Defendant now claims that there is no coverage (or limited coverage) because Defendant *knew all along* that the roof was not in proper condition.

(Resp. at 7, emphasis added.)  The misrepresentation claimed by Plaintiff is Defendant's representation that it was providing full coverage subject to policy provisions when it all the while <u>knew</u> it would never cover wind and hail damage on the buildings because Defendant knew that the buildings would fall under the exceptions to coverage.[5]

As noted, the insurance policy at issue is attached as Exhibit A to the Motion.  The court has reviewed the voluminous policy, especially noting the Declarations Pages for the three buildings [Doc. No. 20-1 at 5-7] and finds no indication that any specific area of any of the three covered buildings was exempted from coverage due to construction defects or wear and tear.  In

---

[5] Under Defendant's mischaracterization of Count 2 as a claim of fraudulent concealment concerning the condition of Plaintiff's buildings, Defendant argues that it must have had a duty to disclose the conditions it observed to the Plaintiff.  Since the court does not perceive this to be the actual claim in Count 2, the argument is inapplicable.

fact, there is no particularized description of the properties beyond general data of location address, age (1997), size (4-6 units), use (leased to others) and construction material (frame), in addition to the limits of insurance and the premium amount. (*Id.*) The majority of the policy is presented in general terms and conditions that are not tailored in any way to the specifics of the three covered buildings. The same is true of the various attached pre-printed endorsements.

Fraud can be founded on omission. *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005). Here, however, the Plaintiff only asserts that Defendant had the right to inspect the buildings prior to and during its policy coverage. There is no allegation that Defendant actually did inspect the buildings prior to the wind and hail storm event in July 2018 and no factual basis set forth in the Complaint that Defendant actually knew about any defects in the Plaintiff's properties that would have negated wind and hail damage coverage under the policy terms for all or any of Plaintiff's buildings.

Exclusions in an insurance policy can impermissibly render coverage illusory when they "in effect allow the insurer to receive premiums when realistically it is not incurring any risk of liability." *Colorado Intergovernmental Risk Sharing Agency v. Northfield Ins. Co.*, 207 P.3d 839, 843–44 (Colo. App. 2008) (quoting *O'Connor v. Proprietors Ins. Co.,* 696 P.2d 282, 285 (Colo. 1985)). If an insurance contract covers some risk that the parties can reasonably anticipate, however, it is not illusory. *Evanston Ins. Co. by Essex Ins. Co. v. Bryan Constr., Inc.*, No. 17-CV-00720-CMA-MJW, 2018 WL 1762606, at *4 (D. Colo. Apr. 12, 2018). However, the charge brought in the Amended Complaint is fraudulent misrepresentation and that charge requires a **knowing misrepresentation**, not merely that a contract might have been illusory. The only factual allegation in the Amended Complaint about any inspection undertaken by Defendant

7

with respect to the properties are the two inspections made after the Plaintiff filed a claim in August 2018, the first in October 2018 and the second in November 2018.  (Am. Compl. ¶¶ 13, 23.)  Nonetheless, Plaintiff concludes that "American Family [ ] withheld material facts from Yale regarding the physical condition of Yale's properties . . . for the sole purpose of [ ] collecting premiums that American Family had no intention of providing coverage for. . . ." (Am. Compl. at ¶ 39.)  This statement, unsupported by any factual averment, is not entitled to any presumption of truth.

Plaintiff's negligent misrepresentation claim here simply does not satisfy the minimum factual basis as required by *Iqbal*.  The policy outlines what is and what is not covered, and it also sets forth the general exclusions that apply when damage is largely attributable to excessive wear and tear and/or construction defects.  Outside of the one and only fact alleged – that the policy allowed the Defendant to inspect the Plaintiff's buildings as part of underwriting prior to or after issuance of the policy – there are no facts that indicate Defendant knew the buildings suffered from such poor workmanship or such significant unmaintained wear and tear damage, that it would affect the coverage it was providing to Plaintiff for the buildings.[6]  As noted in *Iqbal*, conclusions which are, at most, consistent with the possibility of a defendant's fault 'stop[ ] short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*, 556 U.S at 678.

---

[6] The court recognizes that the instant motion was filed in October 2019.  Discovery has been actively proceeding since that time.  The Plaintiff has not moved to amend the Complaint with any information learned during discovery evidencing Defendant's knowledge about the conditions of the property prior to issuance of the policy.

Further, Count 2 does not satisfy the requirements of Fed. R. Civ. P. 9(b), which requires averments of fraud to be pleaded with "particularity." In general, this requirement is intended to afford the Defendants "fair notice of the plaintiff's claims and the factual ground upon which they are based." *S.E.C. v. Nacchio*, 438 F. Supp. 2d 1266, 1277 (D. Colo. 2006) (citing *Koch v. Koch Industries, Inc.,* 203 F.3d 1202, 1236 (10th Cir. 2000)). To satisfy the particularity requirement, a plaintiff is generally required to "set forth the time, place and contents of the false representation, the identity of the party making the false statements, and the consequences thereof." *Id.* Logically, the requirements of Rule 9(b) are relaxed somewhat when the alleged fraud arises from the speaker's omission of material facts, as one cannot allege with particularity the time, place, and contents of something that was never said. *Id*. However, Plaintiff is not alleging simply that Defendant omitted telling Plaintiff about the observed condition of Plaintiff's own buildings – conditions about which Plaintiff should have been equally aware – but instead is asserting that Defendant, having observed the condition of Plaintiff's three buildings and pre-determining that the condition of the buildings would preclude full coverage under the policy for occurrences such as wind and hail, actively lied about (misrepresented) the extent of the coverage it was providing. For that claim, the Plaintiff has failed to meet the particularity requirements of Rule 9.

Accordingly, it is **ORDERED**

"Defendant's Motion for Partial Dismissal Pursuant to F.R.C.P. 12(b)(6)" [Doc. No. 20] is **GRANTED**. Count 2 of the Amended Complaint alleging fraudulent misrepresentation and deceit is dismissed with prejudice.

Dated May 18, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge