IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–02477–KMT

YALE CONDOMINIUMS HOMEOWNER'S ASSOCIATION, INC.,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

    Defendant.

---

## ORDER

---

This matter is before the court on "Plaintiff's Motion to Amend Scheduling Order" filed September 8, 2021.[1] [Doc. No. 87] "Defendant American Family's Response to Plaintiffs (sic) Motion to Amend Scheduling Order [Doc.87]" was filed on September 27, 2021. [Doc. No. 98.]

In Section II of the Plaintiff's response to the defendant's motion for summary judgment, Plaintiff argues that because the court excluded the Plaintiff's expert witness, Jonna DiRito, Plaintiff has a right to designate a replacement expert. (Mot.Am.Br. at 7-8.) Plaintiff then "requests that the scheduling order be modified to give Plaintiff until September 31, 2021, for its

---

[1] The briefing in support of this motion is one and the same as "Plaintiff's Response to Defendant's Renewed Motion for Summary Judgment and in Support of Plaintiff's Motion to Amend Scheduling Order" [Doc. No. 88]. Within the parameters of this Order, this document will be referred to as "Mot.Am.Br.".

expert to finalize its report." Plaintiff appears to be requesting that its affirmative expert disclosure deadline be extended to September 31, 2021—a date that does not exist.

### *PROCEDURAL HISTORY*

Plaintiff alleges that its property was damaged during a hailstorm that occurred on July 23, 2018. The case was originally filed in the 11th Judicial District Court, Fremont County, and was removed to federal court on August 30, 2019. [Doc. Nos. 1, 3.] The parties consented to this court's jurisdiction on October 17, 2019. [Doc. No. 22.] A Scheduling Order was entered on October 29, 2019. [Doc. No. 30.] The Scheduling Order provided that all affirmative experts would be designated, with reports, on or before March 13, 2020, and that all rebuttal experts would be designated on or before April 17, 2020. [*Id*., §§ 9(d)(3) and (4).] Certain deadlines in the case were extended on September 16, 2020 [Doc. No. 44], September 23, 2020 [Doc. No. 46], and October 22, 2020 [Doc. No. 50]. None of the latter extensions affected the expert disclosure deadlines. On December 15, 2020, Defendant filed its timely "Motion to Exclude Jonna DiRito Pursuant to Fed. R. Evid 702, 403." [Doc. No. 54.] The motion was fully briefed by February 1, 2021. [Doc. Nos. 62, 67.] The motion was scheduled for a video hearing on April 19, 2021. [Doc. No. 72.]

Following the evidentiary hearing, where Jonna DiRito was called as the only witness, the court granted Defendant's Motion to Exclude Jonna DiRito as an expert witness at trial. [Doc. No. 78.] At the conclusion of the hearing the court, with the acquiescence of all counsel, set trial for December 13, 2021 at 9:00 a.m. [Doc. No. 79.] The Plaintiff did not challenge or seek reconsideration of the court's *Daubert*[2] ruling with respect to Jonna DiRito.

---

[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

On August 18, 2021, four months after Ms. DiRito was stricken as a permissible expert witness at trial and with no motion filed on behalf of Plaintiff to designate a replacement expert, Defendant requested and received permission to file a renewed motion for summary judgment. [Doc. Nos. 80, 81.]  Three weeks later, in conjunction with filing its Response to the Motion for Summary Judgment, Plaintiff finally notified the court of its desire to extend the expert disclosure deadlines, which had expired a year and a half previously, and requested leave to disclose a new expert witness and a new expert report.  The matter was fully briefed as of September 27, 2021 [Doc. No. 98], and a hearing scheduled on October 13, 2021, at 11:00 a.m. It is now 60 days before trial, 20 days before the parties must submit their Final Pretrial Order and 27 days from the Trial Preparation Conference, where jury instructions, exhibit lists, witness list, voir dire questions, motions in limine and other trial related matters must have been filed with the court and will be discussed.

### *ANALYSIS*

While a district court is afforded broad discretion in managing the pretrial schedule, the Tenth Circuit has recognized that a scheduling order can have an outcome-determinative effect on the case and "total inflexibility is undesirable."  *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1253–54 (10th Cir. 2011).  This court recognizes that a scheduling order which results in the exclusion of evidence is, moreover, a drastic sanction.  *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).  Plaintiff argues that this court should amend the Scheduling Order—and without a doubt cause the December 2021 trial to be re-scheduled—to allow time for Plaintiff to designate a new expert witness, to allow that expert to submit a report that is at present not in final form, to allow for deposition and other discovery concerning the new

witness, to allow time for rebuttal of the newly added expert and, of course, to withhold ruling on the pending summary judgment motion until such time as expert discovery on the new expert is finalized.

The court must consider several factors when determining whether to allow amendment of the Scheduling Order to allow a new expert in the face of an adverse *Daubert* ruling. Those include

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Summers,* 132 F.3d. at 604. In *Summers*, the Tenth Circuit held that because the "[d]efendant could hardly have been surprised that plaintiffs would attempt to procure alternative expert testimony in the event the court granted defendant's [*Daubert*] motion" and the defendant already had prepared its own expert testimony, the facts weighed in favor of allowing amendment of the Scheduling Order to accommodate a new expert. *Id.* at 605. Further, the *Summers* court found that the defendant was also able to cure any prejudice through review of the new expert's reports and depositions. *Id.* Finally the court also found that because the motion for a new scheduling order was filed eighty days prior to trial and the plaintiffs had acted "promptly to find new experts" and that there was no bad faith on the part of the plaintiffs, who acted diligently and whose original experts were doctors plaintiffs had been referred to by the defendant, thereby indicating the defendant may have had a hand in the plaintiffs' predicament. *Id.*

The same cannot be said about the procedural posture of this case. While the defendants should not have been surprised had the Plaintiff sought a new expert when Ms. DiRito was disqualified as an expert witness, Plaintiff lulled both Defendant and the court into believing that it was intending to proceed without an expert in the case. No motion to allow a substitute expert witness was ever filed by Plaintiff. Four months after the court disqualified Ms. DiRito, Plaintiff had still given no indication that it was contemplating hiring an expert to replace Ms. DiRito. This refusal to entertain any expert witness other than DiRito was consistent with the Plaintiff's behavior throughout the claims process where she was urged by the Defendant to consult an engineer or other expert after American Family had offered the opinions of two additional experts, an engineer, and an adjuster. Plaintiff had steadfastly refused to consider any opinion except Ms. DiRito for the entire pendency of the claim and the litigation.

On August 18, 2021, however, Defendant filed a motion for summary judgment essentially claiming that the absence of any roofing or engineering expert to testify on Plaintiff's behalf rendered the case devoid of disputed facts to present to a jury. Still, Plaintiff did nothing. In *Rimbert*, 647 F.3d 1247, the case primarily relied upon by Plaintiff to support its request to interject a new expert witness into the case, the Tenth Circuit found that "the single most important fact about the posture of [Plaintiff's]s motion for a new scheduling order is that, at the time it was made, there was no longer any impending trial date or pretrial schedule remaining." *Id*. at 1254. That is different from this case where the trial date had been set months before, with Plaintiff's acquiescence, and at the time that Plaintiff knew about the court's ruling excluding Ms. DiRito from testifying. It was not until it was time to file its own response to the summary

judgment motion that Plaintiff finally asked to name a partially prepared substitute expert witness to attempt defeat the Rule 56 motion.

In both *Summers* and *Rimbert,* there was no dispute that the plaintiffs (moving parties) had acted promptly to secure a new expert. *See Summers*, 132 F. 3d at 605 ("the plaintiffs acted promptly [within three weeks] to find new experts" after the court entered an order excluding their originally designated experts); *Rimbert*, 647 F. 3d at 1255-56 (plaintiff "acted diligently" and "moved for a new scheduling order within days of the order granting [defendant's] Daubert motion"). As stated by this court several years ago, "[t]ellingly, these cases demonstrate that 'timing is everything'—yet Plaintiff has failed to adhere to this teaching here." *Nutritional Biomimetics, LLC v. Empirical Labs, Inc.*, Case No. 16-cv-01162-KMT, 2018 WL 2008858, *3 (April 30, 2018). This is, unfortunately, Plaintiff's Achilles heel as well.

The court finds that Defendant American Family was indeed surprised by Plaintiff's sudden turn-about on the issue of retaining a different expert witness given the lapse of time since the court's ruling and the immediacy of trial. There is no way for the defendant to cure the prejudice at this point considering the trial setting that was entered into after Plaintiff had knowledge that its expert witness would not be allowed to testify. If the motion were to be granted trial would absolutely be disrupted. Plaintiff has not been at all diligent in its pursuit of

another expert nor in its candor with the court or with the Defendant.  Thus, the court finds that Plaintiff has failed to prevail on even one of the four *Summers* factors.

It is therefore, **ORDERED**

1. "Plaintiff's Motion to Amend Scheduling Order" [Doc. No. 87] is **DENIED.**

2. The Motion hearing set for October 13, 2021 at 11:00 a.m. is **VACATED**.

Dated October 8, 2021.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

7